UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUL GALVEZ, as an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANHEUSER-BUSCH, LLC, a Missouri Limited Liability Company; and DOES 1-10,<br><br>　　　　Defendant. | CIV. No.  2-17-00621 WBS DB<br><br>ORDER |

----oo0oo----

Plaintiff Azul Galvez brought this collective action on behalf of himself and all others similarly situated, against defendant Anheuser-Busch for recovery of unpaid overtime wages under the Fair Labor Standards Act ("FLSA").  (Compl. ¶¶ 12-14.) Defendant now moves to compel arbitration of plaintiff's individual claims, for dismissal of collective claims, or, in the alternative, for immediate stay of judicial proceedings as to plaintiff's individual claims or to dismiss for failure to state a claim for which relief can be granted.

1

1           On a motion to dismiss for failure to state a claim
2  under Rule 12(b)(6), the court must accept the allegations in the
3  pleadings as true and draw all reasonable inferences in favor of
4  the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
5  overruled on other grounds by Davis v. Scherer, 468 U.S. 183
6  (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a
7  motion to dismiss, a plaintiff must plead "only enough facts to
8  state a claim to relief that is plausible on its face."  Bell
9  Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  While a
10 complaint "does not need detailed allegations" a plaintiff must
11 provide "more than labels and conclusions, and a formulaic
12 recitation of a cause of action's elements" will not suffice.
13 Id. at 545.
14          To assert a plausible claim under the FLSA, plaintiffs
15 must assert "at a minimum . . . that []he worked more than forty
16 hours in a given workweek without being compensated for the hours
17 worked in excess of forty during that week."  Landers v. Quality
18 Communs., Inc., 771 F.3d 638, 645 (9th Cir. 2015)(citations
19 omitted).  To survive a motion to dismiss, a plaintiff seeking
20 overtime wages may "estimat[e] the length of [his] average
21 workweek during the applicable period and the average rate at
22 which []he was paid, the amount of overtime wages []he believes
23 []he is owed, or any other facts that will permit the court to
24 find plausibility."  Id.
25          Plaintiff's allegation that defendants' unlawful
26 policies and practices resulted in "depriving him of all required
27 overtime wages earned in excess of 40 hours per workweek under
28 the FLSA" is conclusory.  (Compl. ¶ 12).  While plaintiff does

1  not have to allege "'with mathematical precision' the amount of
2  overtime compensation owed by the employer," plaintiff does not
3  provide a given workweek where he was not compensated overtime
4  wages as required under <u>Landers</u>.  <u>See Landers</u>, 771 F.3d at 646
5  (citation omitted).  Plaintiff does not provide any specific
6  information regarding the amount of time he worked, the dates he
7  worked, or the type of work he was asked or required to perform.
8  Without more, the court cannot determine that the complaint is
9  not merely possible but plausible.  <u>See id.</u>  ("Although these
10 allegations 'raise the possibility' of undercompensation in
11 violation of the FLSA, a possibility is not the same as
12 plausibility.").
13       The motion to dismiss the Complaint must therefore be
14 granted.  The court does not reach defendant's alternative
15 motions to compel arbitration or to stay these proceedings.
16 Plaintiff requests leave to amend to address any defects in the
17 Complaint.  Defendants do not argue that granting leave to amend
18 will be futile, will prejudice them, or will cause undue delay.
19 Plaintiff will therefore be given leave to amend the Complaint.
20       IT IS THEREFORE ORDERED that defendant's motion to
21 dismiss be, and the same hereby, is GRANTED.  Plaintiff is given
22 20 days from the date of this order to file an amended complaint
23 consistent with this order.
24 Dated:  September 19, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE